**PORTER v. ANDERSON MOTOR CO.**

**Civ. No. 3249.**

District Court, D. Maryland.

Feb. 28, 1947.

J. Grahame Walker, of Washington, D. C., for plaintiff.

John S. Stanley, J. Sarsfield Sweeney and Hershey, Donaldson, Williams & Stanley, all of Baltimore, Md., for defendant.

CHESNUT, District Judge.

On the point of substitution of Fleming for Porter, in recent months a number of courts have permitted the substitution, and I have seen many cases in the District Courts, in the Circuit Court of Appeals, and some in the Supreme Court, as I remember, where substitution has been made.

We have also had a certain amount of publicity regarding the situation in the important consideration of the whole matter by the Congress, but I have not seen it anywhere suggested in the hearings before Congress that the power of the President to make the reassignment of duties has been questioned.

In addition to all that, Judge Coleman has permitted the substitution in practically all of the cases that have been pending here. I would perhaps not have stopped your argument, but would have told you it was hardly worth while to go on with it in view of the fact that Judge Coleman has permitted it with respect to these substitutions, if there had been any full-dress argument before him on the point, but I gathered, without speaking with direct authority that the substitutions that have been made by him were entirely unopposed.

So I have permitted rather full argument.

I have been interested in the question. I am familiar with Judge McCulloch's opinion, and was familiar with it when it was issued; but I would say that as a result of hearing the argument this morning, I think that counsel for the OPA has the sounder view with respect to it.

█ You have to bear in mind, you know, that the powers of the Federal Government, especially in war times, and even those existing after the war, must be reasonably construed and these administrative reassignments of duties, which were referred to, are a very desirable step forward for the Government as a whole, in the interest of the country and in order to facilitate the public business.

I am not disposed to take a narrow view of it, and looking at the situation in its broad aspects, without going into a technical construction or drawing something too minutely from the language, but looking at the situation in the broader aspects, it seems to me that it was within the federal power for the President to have made this transfer.

Furthermore, the situation that we have incidental to it is not dependent upon the bare discretion of an individual who has not been approved directly and formally and specifically by the Senate, but it is the

mere fusing by the President in Fleming of the winding up, you might say, or eliminating the continuation of controls still necessary and still in force for the good of the country.

After any great war such as we have had, there is necessarily a transitional period when it is right hard to precisely fit together all of this legislation, like a skilled carpenter can lay a mortise and tenon on the boards of a floor, and there is real difficulty in shaping the floor so that it all fits.

Now what was done here certainly was not done for any purpose of usurpation or stretching of power by the President. He was trying to meet a difficult situation in a way that was for the interest of the country, and I have heard no complaint about his exercise of power from any public sources.

It seems to me to be fairly within the terms and force of the statute. Of course I am not in favor of violating the Constitution of the United States at any time, but I do not think that what has been done here is beyond the constitutional power under all the circumstances.

The purpose is to simply finish and carry out unfinished business, and I think there is a difference there between the transferring of powers of Mr. Porter or Mr. Bowles, which are unexecuted or left unfinished, to some other department or official, and the creation of a new office, such as they did originally, and I can see how it is very important that men selected to have the great powers that were given to the Administrator should be at least subject to the scrutiny and approval of the Senate.

If it were a new thing I should say that he would have to be approved by the Senate. Mr. Bowles, who was the Administrator for several years, had vast powers and he passed a great many regulations, and we have the aftermath now of a great deal of litigation which has come out of many of the regulations which were passed during his time.

It was certainly very desirable that a person with such powers, in the first instance, be approved by the Senate; but when we are in the aftermath of a great war, and

Congress is trying to close up unfinished business, it does not seem to me there is the same public necessity for the scanning of the fitness of the officer that you would have if he were being originally appointed with a newly created department with all these powers. What Mr. Fleming is doing with the old cases on the docket is simply seeking to enforce something which has been done by his predecessor, who had the approval of the Senate. So, looking at the whole situation, I think I should permit the substitution of Mr. Fleming for the purpose of this case. I will pass an order to that effect when it is presented.